**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE FELIX GALLARDO CHIRINO,

     Petitioner,

v.                                   No. 1:26-cv-01729-DHU-JHR

WARDEN, Torrance County Detention Facility,
in his or her official capacity; EL PASO FIELD
OFFICE DIRECTOR, Enforcement and Removal
Operations; U.S. ATTORNEY GENERAL;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; and MARKWAYNE
MULLIN, Secretary, U.S. Department
of Homeland Security,

     Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jorge Felix Gallarado Chirino's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is native and citizen of Cuba who entered the United States without inspection in 2022. *Id.* at 4. Approximately four years later, on January 14, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") following a traffic stop. *Id.* at 1, 4. He was eventually transferred to Torrance County Detention Facility in Estancia, New Mexico, where he remains detained. *Id.* at 4.

While detained, Petitioner submitted a bond redetermination request. *Id.* at 5. At the bond hearing, the Immigration Judge denied bond based on lack of jurisdiction. *Id.*

1

On May 29, 2026, Petitioner filed the instant Petition, arguing that his detention without a bond hearing violates the Immigration and Nationality Act (INA) and the Due Process Clause. *Id.* at 3-5. Petitioner specifically argues that his detention is governed by 8 U.S.C. § 1226(a) because he was already living in the United States when ICE detained him and that he is, therefore, eligible for a bond hearing. *Id.* at 4. He also specifically argues that his continued detention without a bond hearing violates his due process rights. *Id.* at 5. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing within seven (7) days. *Id.* at 10.

On June 18, 2026, Respondents filed a response to the Petition. Doc. 5. Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) based on the plain language of that statute. *Id.* at 2. Respondents, however, concede that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026), and that "this Court's decision in *R[e]quejo Roman* . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

As Respondents correctly concede, this Court has already considered the statutory and constitutional issues raised by Petitioner in this case. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267. Following this Court's decision in *Requejo Roman*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026);

the United States approximately four years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived him of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, July 8, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, July 9, 2026, confirming whether a bond hearing was held and the result of said hearing.

---

*Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE